# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| JACINDA GARDNER, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 2:13-cv-03399-BHH |
| v. ) ) | |
| COUNTRY CLUB, INC., d/b/a MASTERS GENTLEMEN'S CLUB, ) ) ) | |
| Defendant. ) | |

## ORDER GRANTING PRELIMINARY
## APPROVAL OF CLASS ACTION SETTLEMENT

On February 7, 2019, Plaintiff filed an unopposed motion for preliminary approval of a class action settlement with Defendant Country Club, Inc. The Court, having reviewed the motion, the settlement agreement, the pleadings and other papers on file in this action, and statements of counsel, hereby finds that the motion should be Granted.

IT IS HEREBY ORDERED THAT:

1.      For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the parties' Settlement Agreement ("Settlement").

2.      The Court hereby gives its preliminary approval to the proposed Settlement and will schedule a hearing on the final approval of the proposed Settlement.

3.      The Court preliminarily finds that the proposed Settlement falls within the range of possible final approval and is fair, adequate, and reasonable for the class. The Court further finds that there is a sufficient basis for notifying the members of the class of the proposed

Settlement and to schedule a final hearing.

4. The Court reiterates its previous certification of the following class, with a modified end date: All persons who, at any time during the period of December 4, 2010 to February 7, 2019, performed as a dancer/entertainer at Defendant's adult entertainment club in Myrtle Beach, South Carolina.

5. The Court reiterates its previous appointment of Jacinda Garder as representative plaintiff on behalf of the class.

6. The Court reiterates its previous appointment of Carlson Lynch Sweet Kilpela & Carpenter, LLP, as Class Counsel.

7. The Court approves the parties' proposed notice plan, and orders Defendant to fulfill its obligations under the Class Action Fairness Act to notify the appropriate state and federal government officials.

8. The Court approves the format and content of the Class Action Settlement Notice ("Notice") attached to the parties' settlement agreement, and authorizes the parties to make modifications to the Notice to the extent necessary to conform to this order and any further orders of the Court.

9. Having considered the manner of giving notice to class members as described in the Settlement Agreement, the Court finds that the Notice as set forth: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the class members of the proposed Settlement and of their right to object or to exclude themselves as provided in the Settlement Agreement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of due process and any other applicable requirements.

10. As provided in the Settlement Agreement, each member of the class will have the right to be excluded from the Settlement by mailing a request for exclusion ("Opt Out Form"). Any class member shall be allowed to submit an Opt Out Form. For an Opt Out Form to be accepted it must be timely and valid. To be timely, it must be submitted by the deadline stated in the Notice. To be valid, the Opt Out Form shall contain a statement that the class member requests to be excluded from the Settlement and must also be signed by the class member and dated in accordance with the instructions in the Notice.

11. Analytics Consulting, LLC is appointed as the Claims Administrator and shall have responsibility for administering the notice as set forth in the Settlement Agreement.

12. Subject to final approval, the Court approves the establishment of a Qualified Settlement Fund pursuant to Treas. Reg. §1.468B-1 to receive, hold, and distribute the Gross Settlement Amount in accordance with the terms of the Settlement Agreement and the Final Approval Order (if issued), and that the Qualified Settlement Fund and the Claims Administrator will be subject to the continuing jurisdiction of this Court.

13. Any class member who submits a timely Opt Out Form shall be deemed to have waived the rights and benefits applicable to Class Members under the Agreement, and any such excluded class member may not file an objection to the Settlement.

14. Plaintiffs shall report the names of all individuals who have submitted an Opt Out Form no less than ten (10) days prior to the Final Approval Hearing.

15. Only Class Members may object to the Settlement. To object to the Agreement, the member of the Settlement Class must send the objection to the clerk or file the objection on the docket in this action and send copies to the Claims Administrator, Class Counsel and Defendant's counsel, no later than the Opt-out and Objection Deadline. The objection must

identify the name and contact information of the objector and set forth, in clear and concise terms, the legal and factual arguments supporting the objection, and must be signed by the objector.

16. The deadline for class members to submit an Opt Out Form or an Objection shall be 90 days from the date of this order, or 60 days after the notice is mailed by the Claims Administrator, whichever date is later. No later than 14 days prior to the Final Approval Hearing, Class Counsel shall file a motion for final approval of the proposed settlement and any requested awards of attorneys' fees, expense reimbursement, or incentive payments to plaintiffs.

17. Class Members who wish to be heard at the final fairness hearing should file a notice of intention to appear with the clerk and serve copies on Class Counsel and Defendant's counsel.

18. The Court in its discretion may decline to consider objections that do not conform to the above requirements, and the Court may in its discretion decline to hear from Class Members who do not provide prior notice of their intention to appear at the hearing.

19. The Court will conduct a Final Approval Hearing on Tuesday, June 11, 2019, at 10:00 a.m. at the J. Waties Waring Judicial Center, 83 Meeting St, Charleston, Courtroom # 2. At the Final Approval Hearing, the Court will determine the following:

    a. Whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved;

    b. Whether final judgment should be entered dismissing all claims in the case with prejudice;

    c. Whether the requested attorneys' fees, expense reimbursements, and plaintiff incentive awards should be approved and in what amounts.

    d. Such other matters as the Court may deem appropriate or necessary.

  20. The Court has and retains jurisdiction over this action to consider all further matters arising out of or connected to the proposed Settlement and any disputes related to this action.

  IT IS SO ORDERED.

              /s/Bruce Howe Hendricks
              United States District Judge

February 8, 2019
Florence, South Carolina